UNITED STATES of America, Appellee,

v.

Radcliffe E. MULLINGS, also known as Radcliff Mullings, also known as Elliston Mullings, also known as Ronald Mullings, also known as Richardo Scott, also known as Patrick Sutherland, also known as Nyron Sutherland, also known as Kevin Williams, also known as Owen Campbell, also known as Bigload Mullings, Defendant–Appellant.

Docket No. 02–1642.

United States Court of Appeals, Second Circuit.

Argued: May 16, 2003.

Decided: May 23, 2003.

Thomas G. Dennis, Federal Defender, Hartford, CT, for the appellant.

Kevin J. O'Connor, United States Attorney for the District of Connecticut (Jeffrey A. Meyer, Assistant United States Attorney, on the brief; Zachary C. Richter, law student intern, on the brief and appearing to present oral argument), New Haven, CT, for the appellee.

Before: McLAUGHLIN, LEVAL, and SOTOMAYOR, Circuit Judges.

PER CURIAM.

In 1998, appellant Radcliffe E. Mullings was convicted in state court of selling marijuana and was sentenced to pay a $2,500 fine. In 1999, he was deported as a result of this conviction. After returning to the United States, he was indicted by a grand jury on January 17, 2002, for violating 8 U.S.C. § 1326(a), which makes it a crime to return to the United States without the permission of the Attorney General after having been deported. On May 1, 2002, he pled guilty, and on October 24, 2002, the United States District Court for the District of Connecticut (Robert N. Chatigny, Judge) sentenced him to thirty-three months in jail, three years of supervised release and a $100 special assessment. The issue before us is an appeal of this sentence.

The district court applied U.S.S.G. § 2L1.2(b)(1)(B), as amended on November 1, 2001. If the defendant has a pre-deportation conviction, § 2L1.2(b)(1) directs the sentencing judge to "apply the greatest" of several upward adjustments based on the nature of that conviction. If the conviction was: "(A) a conviction for a felony that is ... a drug trafficking offense for which the sentence imposed exceeded 13 months," the sentencing judge must "increase by 16 levels; (B) a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less," the judge must "increase by 12 levels; [or] (C) a conviction for an aggravated felony," the judge must "increase by 8 levels." *Id.*

Although appellant does not dispute that his 1998 conviction constitutes a felony drug trafficking offense, he argues that this conviction is not a proper basis for applying the twelve-level increase required by subsection (B) because a non-custodial monetary fine does not constitute a sentence of "13 months or less." Appellant contends that the eight-level enhancement in subsection (C), encompassing aggravated felonies, applies instead.

This Court reviews the district court's legal interpretation of the Guidelines *de novo*. *United States v. Pacheco*, 225 F.3d 148, 153 (2d Cir.2000). When interpreting the Guidelines, we begin with the basic rules of statutory construction, and we give all terms in the Guidelines their ordinary meanings unless there are

persuasive reasons not to do so. *United States v. Martinez–Santos*, 184 F.3d 196, 204 (2d Cir.1999). The word "less," when used in a context in which it pertains to a quantity, means "of a more limited number." Webster's Third New International Dictionary 1296 (1986). Zero is clearly a number "more limited" than thirteen, and a conviction resulting in a non-custodial, zero-month sentence is therefore included in the plain meaning of subsection (B), applying to convictions for which the "sentence imposed was 13 months or less."

 Furthermore, in the comments to the 2001 amendment to § 2L1.2, the Sentencing Commission explained that the sixteen-level enhancement in subsection (A) is warranted "for certain serious offenses, specifically, a drug trafficking offense for which the sentence imposed exceeded 13 months" and that "[o]ther felony drug trafficking offenses will receive a 12–level enhancement" in subsection (B). U.S. Sentencing Comm'n Guidelines Manual, Supp. to App. C., at 219 (2002). This language supports the conclusion that the Commission intended all convictions for felony drug trafficking offenses, regardless of whether they result in incarceration, to receive at least the twelve-level enhancement. *Cf. Stinson v. United States*, 508 U.S. 36, 38, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993) ("[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.").

In accordance with the reasoning above, we hold that a non-custodial sentence requiring the appellant to pay only a monetary fine constitutes "a conviction ... for which the sentence imposed was 13 months or less" pursuant to U.S.S.G. § 2L1.2(b)(1)(B), and we affirm the judgment of the district court.