### UNITED STATES of America, Plaintiff–Appellee,

v.

### Hector MENDOZA–MORALES, Defendant–Appellant.

No. 02–10659.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2003.*

Filed Oct. 21, 2003.

Jason F. Carr, Las Vegas, NV, was on the briefs for the defendant-appellant.

Robert A. Bork, Las Vegas, NV, was on the briefs for the plaintiff-appellee.

Before O'SCANNLAIN and TASHIMA, Circuit Judges, and MATZ,** District Judge.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable A. Howard Matz, United States District Judge for the Central District of California, sitting by designation.

MATZ, District Judge:

## I.

## INTRODUCTION

The question presented in this appeal is whether, in calculating a convicted defendant's criminal history under Section 4A1.1 of the Guidelines Manual of the United States Sentencing Commission ("Guidelines"), the court must classify a prior state criminal sentence in the same manner that the state court did. In computing Appellant Hector Mendoza–Morales's criminal history, the district court construed two California "jail-as-a-condition-of-probation" sentences as "sentences of imprisonment," notwithstanding that California law deems them to be rehabilitative, rather than punitive. We hold that the court did not err and that for the purpose of assigning criminal history points under Section 4A1.1 of the Guidelines, state judicial characterizations of the purpose or nature of a sentence are irrelevant in determining whether the sentence was a sentence of imprisonment. The court must apply federal law because two of the fundamental objectives of the Guidelines— uniformity and the elimination of divergent approaches to determining punishment— require the court to do so.

## II.

## BACKGROUND

Mendoza–Morales, an alien, pled guilty to reentering the United States unlawfully after a previous deportation, in violation of 8 U.S.C. § 1326. At his sentencing, the district judge adopted the calculations in the presentence investigation report ("PSR"). The base offense level, which Mendoza–Morales does not challenge, was thirteen. The PSR assessed a total of twelve criminal history points for four previous convictions. This resulted in a criminal history category of V and a guideline range of thirty to thirty-seven months. Mendoza–Morales did not object to the sentencing guideline calculations in the PSR, although he made a motion for a downward departure, which the district judge denied. The district judge sentenced Mendoza–Morales to thirty months' imprisonment, two years' supervised release and a special assessment of $100.

Mendoza–Morales now argues that the district court committed plain error in assigning five criminal history points to two of his prior state convictions.[1] The first conviction resulted from Mendoza–Morales's 1994 arrest in San Diego for taking a vehicle without consent. He pled guilty on July 5, 1994, and before being sentenced was deported to Mexico on July 8, 1994. He illegally reentered this country at some point and on February 24, 1998, was arrested for committing battery. On March 24, 1998, a San Diego Superior Court judge sentenced him on the 1994 conviction to three years probation and 187 days in jail as a condition of probation. Later that year, while still on probation for the 1994 offense, Appellant was arrested for possession of methamphetamine and marijuana. He pled guilty to possession of a controlled substance and on November 23, 1998, a San Diego Superior Court judge sentenced him to three years probation and 365 days of jail as a condition of probation. As an additional consequence of the 1998 conviction, the court revoked Mendoza–Morales's probation on the 1994 conviction and ordered him to serve an additional 247 days in jail as a condition of probation. Thus, Mendoza–Morales was sentenced to a total of 434 days incarceration on the 1994 conviction and to 365 days

1. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

in jail as a condition of probation on the 1998 conviction. Following the calculations in the PSR, the district court assigned three criminal history points to Mendoza–Morales's 1994 vehicle theft conviction and two criminal history points to his 1998 controlled substance conviction.

## III.

### STANDARD OF REVIEW.

■ A district court's interpretation and application of the Guidelines is reviewed *de novo*. *United States v. Saya,* 247 F.3d 929, 939 (9th Cir.2001).

## IV.

### DISCUSSION

■ Section 4A1.1 of the Guidelines governs the computation of a defendant's criminal history.[2] A "prior sentence of imprisonment" that exceeds thirteen months receives three points, a prior sentence of imprisonment between sixty days and thirteen months receives two points, and all other prior sentences of imprisonment receive one point each (up to a total of four points). Guidelines § 4A1.1(a)-(c) (2002). The term "sentence of imprisonment" means a "sentence of incarceration and refers to the maximum sentence imposed." *Id.* § 4A1.2(b)(1). In other words, "criminal history points are based on the sentence pronounced, not the length of time actually served." Guidelines § 4A1.2, cmt. n. 2 (2002).[3] However, a defendant "must have actually served" some time in custody for his sentence to

qualify as a "sentence of imprisonment." *Id.*

The Application Notes accompanying the Guidelines instruct sentencing courts to treat "a sentence of probation ... as a sentence under § 4A1.1(c) [*i.e.,* to assign one point] unless a condition of probation requiring imprisonment of at least sixty days was imposed." *Id.* Although Application Note 2 does not say so, it follows that Section 4A1.1(b), which adds two points for "a sentence of imprisonment of at least sixty days," and Section 4A1.1(a), which adds three points for a sentence of imprisonment exceeding thirteen months, also apply to sentences imposing incarceration as a condition of probation. (Otherwise, jail sentences of fewer than sixty days as a condition of probation would be counted as one point, yet jail sentences as a condition of probation that exceeded sixty days or even thirteen months would not count for any additional points—an absurd, anomalous result.) *See United States v. Valdez–Valdez,* 143 F.3d 196, 202 (5th Cir.1998) (upholding application of Section 4A1.1(b) to sentence of 180 days imprisonment and six years probation, citing Guidelines § 4A1.2, cmt. n. 2 (2002)).

The district court applied the above principles to Mendoza–Morales's 1994 and 1998 convictions. For the 1994 conviction, Mendoza–Morales initially had been sentenced to 187 days and on November 23, 1998, he was further sentenced to an additional 247 days. Under Section 4A1.2(k)(1) of the Guidelines, the district court added those two sentences of incarceration together to compute the criminal

---

2. The Guidelines in effect at the time of sentencing are normally applied. *United States v. Carrillo,* 991 F.2d 590, 591–92 (9th Cir. 1993). Since Mendoza–Morales was sentenced on October 4, 2002, all citations to the Guidelines refer to the version of the Guidelines in effect in October 2002.

3. "[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States,* 508 U.S. 36, 38, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993).

history points for that conviction. Based on the resulting total of 434 days incarceration imposed as a condition of probation for Mendoza–Morales's 1994 conviction, the district court applied Section 4A1.1(a) (sentence of imprisonment exceeding 13 months) to assign that conviction three points. The district court applied Section 4A1.1(b) (sentence of imprisonment of at least sixty days) to assign two points to Mendoza–Morales's 1998 conviction, for which he had been sentenced to 365 days jail as a condition of probation.

The district court added the five points for Mendoza–Morales's 1994 and 1998 convictions to seven criminal history points that are not in dispute here. The resulting total of twelve criminal history points placed Mendoza–Morales in criminal history category V. *See* Guidelines ch. 5 pt. A. Had he received only one point for each of these convictions, his total of nine points would have placed him in category IV, resulting in a guideline sentencing range of 24 to 30 months instead of 30 to 37 months.

Mendoza–Morales argues that the district court erred when it considered his state court sentences as "sentences of imprisonment," because California law does not consider sentences imposing jail terms as conditions of probation to be "punishment." He cites *Petersen v. Dunbar,* 355 F.2d 800 (9th Cir.1966), for the proposition that a jail sentence as a condition of probation is not, in itself, a sentence of imprisonment. In *Petersen,* a habeas corpus case, the appellant Petersen initially had been sentenced to four months in a road camp, as a condition of a two-year period of probation. After Petersen finished serving that time, his probation was revoked and the court imposed a state prison sentence upon him. On appeal Petersen argued that the prison sentence constituted double jeopardy, because it converted a

misdemeanor sentence—his road camp sentence—into a felony sentence. This Court rejected Petersen's premise that his confinement in the road camp amounted to the imposition of a sentence, stating "[u]nder California law jail detention may be ordered as a condition of probation ... and when so ordered it is not regarded as punishment; it is regarded as part and parcel of the supervised effort toward rehabilitation which probation constitutes." *Id.* at 802. Therefore, the Court reasoned, Petersen's sentence to the road camp was a "pre-sentence probationary detention [that] was not imposed as the court's judgment of the penal price appellant should pay for his crime. It was imposed as a condition to appellant's opportunity, by good behavior, to avoid further detention." *Id. See also United States v. Merchant,* 760 F.2d 963, 965 n. 2 (9th Cir.1985). ("Under California law, when jail detention is ordered as a condition of probation, the jail term is not regarded as a sentence in itself, but rather as part of the supervised effort towards rehabilitation.")

■  Contrary to Mendoza–Morales's view, *Petersen* does not support the proposition that the district court erred in treating his 1994 and 1998 sentences as "prior sentences of imprisonment" for purposes of calculating his criminal history. First, *Petersen* does not involve the Guidelines and, indeed, was decided twenty-one years before the Guidelines went into effect. Moreover, how a state characterizes its own offenses and sentences generally is not relevant to a federal sentence calculation. This Court has ruled that in deciding whether a prior state conviction should be counted for purposes of a federal criminal history calculation, a district court must examine federal law. In *United States v. Kemp,* 938 F.2d 1020 (9th Cir. 1991), the Court stated, "[r]ecognizing that the Sentencing Guidelines are used nationally to determine federal sentences for federal crimes, the district court must exam-

ine federal law to determine whether the substance of the underlying state conviction is similar to an included or excluded offense." *Id.* at 1023–24 (emphasis omitted). In *United States v. Martinez,* 905 F.2d 251 (9th Cir.1990), the issue was whether under Guidelines Section 4A1.2(c) it was error for the district court to include the appellant's prior Oregon conviction for public indecency as part of his criminal history. Although the parties assumed that Oregon law was to be applied in determining whether the offense was excludable under Section 4A1.2(c)(2), the Court rejected that approach as "inconsistent with the primary purpose of the Sentencing Reform Act of 1984 to provide certainty and fairness in meeting the purposes of sentencing [and to avoid] unwarranted sentencing disparities among defendants with similar records." *Id.* at 253 (quotation omitted). Similarly, in *United States v. Davis,* 922 F.2d 1385 (9th Cir.1991), *abrogated on other grounds by Buford v. United States,* 532 U.S. 59, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001), the defendant had argued that because two of his prior state convictions were consolidated under state law they were "related" for purposes of computing his criminal history under Section 4A1.2(a)(2). *Id.* at 1388. In rejecting this argument, the Court stated that "the laws of the state of Washington do not govern a federal court's interpretation of the United States Sentencing Guidelines.... [T]he methods which a state prosecutor uses to calculate a criminal history score under a ... state sentencing

statute have no legal bearing on this court's construction of the federal Sentencing Guidelines." *Id.* at 1390.[4]

Other circuits also have held that state law is irrelevant in ascertaining whether a prior sentence is a "sentence of imprisonment" for the purpose of assigning criminal history points under Guidelines Section 4A1.1. In determining whether home detention qualifies as a "sentence of imprisonment," the court in *United States v. Jones,* 107 F.3d 1147 (6th Cir.1997), stated that "turn[ing] to state law to define [that term] would be a clear misapplication of the law." *Id.* at 1163 (citing *Dickerson v. New Banner Inst., Inc.,* 460 U.S. 103, 119, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983), for the proposition that "in the absence of a plain indication to the contrary, ... it is to be assumed when Congress enacts a statute that it does not intend to make its application dependent on state law"). The *Jones* Court observed that reference to state law to define a sentence of imprisonment "would contravene one of the very purposes of the sentencing guidelines— uniformity." *Id.* at 1163 (citing Guidelines ch. 1 pt. A). *See also United States v. Phipps,* 68 F.3d 159, 161 (7th Cir.1995):

> [Looking to state law to define terms in the Guidelines] would lead to divergent aggregate sanctions depending on which state the crime occurred in, undermining the most basic purpose of the Sentencing Reform Act of 1984 and the Guidelines themselves. The meaning of "imprisonment" therefore is a question of

---

**4.** The same principle applies to prior juvenile sentences. *United States v. Carrillo,* 991 F.2d 590, 594 (9th Cir.1993) (rejecting contention that because appellants had been sentenced to the California Youth Authority instead of State prison, California law did not consider their prior sentences "adult" sentences, and noting that "there is no indication in the Guidelines that sentencing courts may consider the characterization or purpose of a particular sentence under state law"). *See also*

*United States v. Williams,* 891 F.2d 212, 216 (9th Cir.1989) (rejecting appellant's claim that his prior commitment to juvenile hall should not have been deemed a sentence of imprisonment because it was designed to be "rehabilitative rather than strictly punitive" and noting that "[t]he sentencing guidelines do not direct the sentencing court to examine the purpose behind the specific form of a prior confinement, they merely direct the judge to consider the fact of confinement").

federal law, one depending on what states *do* rather than on the labels they attach to their sanctions. (emphasis in original)

*Accord, United States v. Reed,* 94 F.3d 341, 344 (7th Cir.1996) ("Like any other federal statute, the Guidelines must be interpreted in accordance with federal law, even when those Guidelines refer to some event occurring in state court."); *United States v. Stewart,* 49 F.3d 121, 123 n. 3 (4th Cir.1995) (definition of "sentence of imprisonment" for purposes of Section 4A1.1(e) "does not in any way incorporate or refer to state definitions," because otherwise the Guidelines' purpose of uniformity "would be severely undermined").

Under these principles, it would be error to apply state law when classifying a prior state offense for purposes of determining a defendant's criminal history, unless "there is no federal or comparable national law" upon which to rely. *Kemp,* 938 F.2d at 1024. In this case, the applicable federal law is clear. Generally, any "sentence of incarceration" imposed after an adjudication of guilt counts as a "sentence of imprisonment," Guidelines § 4A1.2(b)(1), and incarceration as a condition of probation is treated in the same way as ordinary incarceration. *Id.* at § 4A1.2 cmt. n. 2.

Mendoza–Morales was sentenced to a total of 434 days incarceration as a condition of probation on his 1994 conviction and 365 days incarceration as a condition of probation on his 1998 conviction. The district court correctly applied Section 4A1.1(a) in attributing three points to Appellant's 1994 conviction and it correctly applied Section 4A1.1(b) in adding two points for Appellant's 1998 conviction.

AFFIRMED.