UNITED STATES of America,
Plaintiff–Appellee,

v.

**Justo HERNANDEZ–VALDOVINOS,**
Defendant–Appellant.

No. 02–10671.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 10, 2003.

Filed Dec. 17, 2003.

---

Christopher R. Kilburn, Assistant Federal Public Defender, Tucson, Arizona, for the defendant-appellant.

Anne E. Gannon, Assistant United States Attorney, Tucson, Arizona, for the plaintiff-appellee.

Before: HUG, B. FLETCHER, and TASHIMA, Circuit Judges.

TASHIMA, Circuit Judge:

Justo Hernandez–Valdovinos ("Hernandez") appeals the judgment of the district court sentencing him to 30 months' imprisonment following his guilty plea to reentry after deportation, in violation of 8 U.S.C. § 1326(a). Hernandez contends that the district court erred in classifying his prior felony offense as an aggravated felony and in applying a 12–level sentencing enhancement when he only received probation for the prior felony. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.

## BACKGROUND

In June 2002, Hernandez was found in Arizona, arrested, and charged with reentry after deportation, in violation of 8 U.S.C. § 1326. He pled guilty, but objected to the pre-sentence report ("PSR"), which recommended a 12–level sentencing enhancement pursuant to United States Sentencing Guidelines Manual ("U.S.S.G.") § 2L1.2(b)(1)(B) because of a prior drug-trafficking conviction with a sentence of less than 13 months. Hernandez's prior conviction was in Arizona state court for attempted sale of narcotic drugs. The state court ordered that the sentence be suspended and placed Hernandez on four years' probation; however, the court also ordered Hernandez to serve two months in jail as a condition of probation.

Hernandez contended that his prior felony was not an aggravated felony for sentencing purposes because the statute of conviction included conduct that does not qualify as an aggravated felony. He further contended that the government had failed to establish by clear and convincing evidence that his prior conviction was for an aggravated felony.

The district court rejected Hernandez's arguments and adopted the facts as set forth in the PSR and the Addendum to the PSR. Based on an offense level of 17[1] and a criminal history category of III, the guideline range was 30–37 months. The

---

1. The base offense level was 8. Hernandez received a 12–level enhancement for the drug trafficking offense and a 3–level decrease for acceptance of responsibility, resulting in a total offense level of 17.

court sentenced Hernandez to 30 months' imprisonment.

## STANDARD OF REVIEW

 The district court's decision that a prior conviction is a qualifying offense for a sentencing enhancement pursuant to U.S.S.G. § 2L1.2 is reviewed de novo. *See United States v. Soberanes*, 318 F.3d 959, 961 (9th Cir.2003) (reviewing de novo the question of whether a defendant's prior conviction qualifies as an aggravated felony for purposes of § 2L1.2). We review the district court's interpretation of the sentencing guidelines de novo. *Id.*

## DISCUSSION

Section 2L1.2 of the sentencing guidelines is the guideline applicable to a violation of 8 U.S.C. § 1326. The guideline provides a base offense level of 8, with the possibility of various increases in offense level if the defendant previously was deported after certain qualifying convictions. The provision that was applied in the instant case is a 12–level increase if the defendant previously was deported after "a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less."[2] U.S.S.G. § 2L1.2(b)(1)(B).

The Arizona state court plea agreement stated that Hernandez pled guilty to "Attempted Sale of Narcotic Drugs, a Class 3 Felony, in violation of ARS §§ 13–1001, –3401, –3408, –3418, –701, –702 and –801." In the judgment, the court ordered that the sentence be suspended and placed Hernandez on probation for four years. The court "further f[ound] that the terms of probation should include incarceration

in the Maricopa County Jail as a term and condition of probation," and therefore ordered that Hernandez be incarcerated for two months.

There are two issues on appeal. The first is whether Hernandez's prior conviction is a "drug trafficking offense" for purposes of U.S.S.G. § 2L1.2. Within this first issue is the question of whether the government adequately established the fact of the prior conviction. The second issue is whether the enhancement should apply at all because Hernandez received only probation and, therefore, he argues, there was no "sentence imposed" for purposes of the guideline.

### I

 In determining whether a prior conviction is a qualifying offense for sentencing enhancement purposes, we apply the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). *See, e.g., United States v. Pimentel–Flores*, 339 F.3d 959, 967–68 (9th Cir.2003) (discussing this court's application of the *Taylor* analysis to the imposition of various sentencing enhancements in the guidelines). Under *Taylor's* categorical approach, the court is to look only to the fact of conviction and the statutory definition of the prior offense, not the underlying facts. *Id.* at 967. If the statute criminalizes conduct that would not constitute a qualifying offense, the court may "look a little further" and "consider whether other documentation and judicially noticeable facts demonstrate that the offense was, indeed, within the Guidelines' definition." *United States v.*

---

**2.** Besides the 12–level increase applied in the instant case, a defendant can receive a 16–level increase for a felony conviction that is, *inter alia*, "a drug trafficking offense for which the sentence imposed exceeded 13 months," an eight-level increase for an aggra-

vated felony conviction, a four-level increase for any other felony or for "three or more convictions for misdemeanors that are crimes of violence or drug trafficking offenses." U.S.S.G. § 2L1.2.

*Shumate,* 329 F.3d 1026, 1029 (9th Cir.), *amended by* 341 F.3d 852 (9th Cir.2003). The purpose of this modified categorical approach is "to determine if the record unequivocally establishes that the defendant was convicted of the generically defined crime, even if the statute defining the crime is overly inclusive." *United States v. Corona–Sanchez,* 291 F.3d 1201, 1211 (9th Cir.2002) (en banc).

The term "drug trafficking offense" is defined in the guideline commentary as "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 2L1.2, cmt. n.1(B)(iii). The Arizona statute under which Hernandez was convicted provides:

A. A person shall not knowingly:

1. Possess or use a narcotic drug.

2. Possess a narcotic drug for sale.

3. Possess equipment or chemicals, or both, for the purpose of manufacturing a narcotic drug.

4. Manufacture a narcotic drug.

5. Administer a narcotic drug to another person.

6. Obtain or procure the administration of a narcotic drug by fraud, deceit, misrepresentation or subterfuge.

7. Transport for sale, import into this state, offer to transport for sale or import into this state, sell, transfer or offer to sell or transfer a narcotic drug.

Ariz.Rev.Stat. § 13–3408.A. The plea agreement, minute entry, and judgment in state court stated that Hernandez pled guilty to "Attempted sale of narcotic

drugs." Both parties agree that subsection 7 is the relevant portion of the statute.

We need not address Hernandez's argument that the Arizona statute fails the categorical test because we agree with the government that the district court relied on the modified categorical approach to find that his conviction constituted a drug trafficking offense for purposes of the enhancement.[3] The district court stated that it had examined everything, including the documents relating to Hernandez's state conviction submitted by Hernandez with his objections to the PSR. The court relied on these documents to find that, "regardless of what else the statute might have encompassed, what he was convicted of was attempted sale of narcotics," an offense that "without question" was a drug trafficking offense.

■ Moreover, we disagree with Hernandez that the government failed to establish the fact of his prior conviction by clear and convincing evidence. " '[D]ue process is generally satisfied by using a preponderance of the evidence standard to prove sentencing factors that are set forth in the[United States Sentencing Guidelines].' " *United States v. Bonilla-Montenegro,* 331 F.3d 1047, 1049–50 (9th Cir.2003) (quoting *United States v. Jordan,* 256 F.3d 922, 927 (9th Cir.2001)) (alterations in original). The sentencing factor must be proven by clear and convincing evidence when it has "an extremely disproportionate effect" on the sentence. *Id.*

Hernandez contends that he should have received the eight-level enhancement found in § 2L1.2(b)(1)(C) for a conviction for an aggravated felony, rather than the 12–level enhancement in § 2L1.2(b)(1)(B) for a felony drug trafficking offense. His

---

**3.** Hernandez's reliance on *United States v. Rivera–Sanchez,* 247 F.3d 905 (9th Cir.2001) (en banc), is unavailing because the district court in *Rivera–Sanchez* relied only on the categorical approach and did not conduct any analysis under the modified categorical approach.

sentencing range would then have been 18–24 months, instead of 30–37 months.

Even if we were to agree with Hernandez that the increase in his sentencing range is so disproportionate as to warrant applying the clear and convincing standard rather than the preponderance of the evidence standard, we conclude that the higher standard is satisfied in this case. The district court examined the state court indictment, plea agreement, minutes from the change of plea, and judgment, as well as the PSR prepared for the district court. Thus, contrary to Hernandez's contention, the district court did not rely solely on the PSR and the name of the offense in applying the enhancement.

■ The PSR specified the statute of conviction. *See id.* at 1050 (stating that "the government may satisfy its burden by producing a presentence report specifying the statute under which a defendant was previously convicted"). Moreover, documents such as "the charging documents in conjunction with the plea agreement, the transcript of a plea proceeding, or the judgment" may be relied upon to determine whether the defendant was convicted of a qualifying offense. *Corona-Sanchez,* 291 F.3d at 1211. As stated above, the indictment, plea agreement, minutes from the change of plea, and judgment were before the district court when it made its decision, and all of these documents indicated that Hernandez pled guilty to attempted sale of narcotics. The district court therefore did not err in concluding that the government had established that

Hernandez's prior conviction was a drug trafficking offense for purposes of U.S.S.G. § 2L1.2.

## II

■ The commentary to U.S.S.G. § 2L1.2 states that "[i]f all or any part of a sentence of imprisonment was probated, suspended, deferred, or stayed, 'sentence imposed' refers only to the portion that was not probated, suspended, deferred, or stayed." U.S.S.G. § 2L1.2, cmt. n.1(A)(iv). Hernandez argues that his two months' incarceration was a condition of probation, not a sentence, and that because he received only probation, there was no "sentence imposed" for purposes of § 2L1.2(b)(1)(B).[4]

In *United States v. Mendoza–Morales,* 347 F.3d 772 (9th Cir.2003), we considered whether a defendant's sentence of jail as a condition of probation constituted a "sentence of imprisonment" for purposes of U.S.S.G. § 4A1.1, which "governs the computation of a defendant's criminal history." *Id.* at 774. Relying on the need for national uniformity in interpreting the sentencing guidelines, we declined to follow California's characterization of a jail term imposed as a condition of probation as rehabilitative rather than punitive, stating that state law does not apply "when classifying a prior state offense for purposes of determining a defendant's criminal history," unless there is no comparable federal law. *Id.* at 774–75. We therefore concluded that "any 'sentence of incarceration' im-

---

**4.** The government contends that Hernandez has waived this argument because he failed to raise it below. Issues that were not presented to the district court generally cannot be raised for the first time on appeal. *Pimentel–Flores,* 339 F.3d at 967. Nonetheless, we may, as a matter of discretion, consider an issue first raised on appeal when the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to

raise the issue below. *United States v. Echavarria–Escobar,* 270 F.3d 1265, 1268 (9th Cir. 2001), *cert. denied,* 535 U.S. 1069, 122 S.Ct. 1943, 152 L.Ed.2d 847 (2002). Here, we choose, as a matter of discretion, to address the purely legal question of whether jail as a condition of probation constitutes a sentence imposed for purposes of the sentencing guidelines.

posed after an adjudication of guilt counts as a 'sentence of imprisonment,' Guidelines § 4A1.2(b)(1), and incarceration as a condition of probation is treated in the same way as ordinary incarceration." *Id.* at 775 (citing U.S.S.G. § 4A1.2, cmt. n.2).

██ Under the reasoning of *Mendoza–Morales,* we conclude that Hernandez's two months' incarceration as a condition of probation constitutes a "sentence imposed," for purposes of § 2L1.2(b). First, "a federal sentencing enhancement provision ... is interpreted according to a uniform, national definition, not dependent upon the vagaries of state law." *United States v. Martinez,* 232 F.3d 728, 732 (9th Cir.2000). We recognize that § 4A1.1, the guideline at issue in *Mendoza-Morales,* uses the phrase "sentence of imprisonment" rather than "sentence imposed." Nonetheless, because of the need for uniformity in applying the sentencing guidelines, the principle that "incarceration as a condition of probation is treated in the same way as ordinary incarceration," *Mendoza-Morales,* 347 F.3d 772, 775, should apply in the context of § 2L1.2, as well as under § 4A1.1.

Moreover, the guideline provides for the 12–level increase if the sentence imposed was 13 months or less. A sentence of probation, with or without the two months' incarceration, by definition is a sentence of 13 months of less. *See United States v. Mullings,* 330 F.3d 123, 125 (2d Cir.2003) (holding that a non-custodial sentence of a fine only was a sentence of "13 months or less," under § 2L1.2(b)(1)(B)). Hernandez received a sentence of either two months or zero months; either way, his sentence was 13 months or less.

██ Hernandez points out that the Sentencing Commission has recognized that the issue is unclear and points us to proposed amendments to the sentencing guidelines. The proposed amendments, however, do not clarify how Hernandez's offense should be treated. *See Sentencing Guidelines for United States Courts,* 67 Fed.Reg. 77532, 77539( Dec. 18, 2002) (U.S. Sentencing Comm'n proposal, proposing two options, neither of which addresses how to characterize incarceration imposed as a condition of probation). More importantly, we have been loath to rely on proposed amendments to the guidelines in interpreting a current version of the guidelines. " '[E]ven when it would otherwise be useful, subsequent legislative history will rarely override a reasonable interpretation of a statute that can be gleaned from its language and legislative history prior to its enactment.' " *Soberanes,* 318 F.3d at 964–65(quoting *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 118 n. 3, 100 S.Ct. 2051, 64 L.Ed.2d 766 (1980)).

## CONCLUSION

The district court applied the modified categorical approach and properly found that the government had established that Hernandez's prior conviction was a drug trafficking offense for purposes of U.S.S.G. § 2L1.2. Hernandez's suspended sentence, which imposed incarceration as a condition of probation, constituted a "sentence imposed" of less than 13 months for purposes of the guidelines. The judgment and sentence of the district court accordingly is

**AFFIRMED.**