### UNITED STATES of America, Plaintiff—Appellant,

v.

### Kirk Anthony BOWMAN, Defendant—Appellee.

No. 04–10046.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 3, 2004.

Decided Nov. 12, 2004.

---

Karyn Kenny, Esq., USLV—Office of the U.S. Attorney Lloyd George, Las Vegas, NV, for Plaintiff–Appellant.

Arthur L. Allen, FPDNV—Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellee.

Before: B. FLETCHER, NOONAN, and THOMAS, Circuit Judges.

## MEMORANDUM *

The government appeals the district court's determination that Defendant Kirk

Bowman was not eligible for career offender status under the United States Sentencing Guidelines. Specifically, the district court determined that Bowman's 1991 conviction for a violation of California Health & Safety Code § 11351 did not constitute a "controlled substance offense" under section 4B1.2 of the United States Sentencing Guidelines ("USSG"), and was therefore not a predicate offense for career offender status under USSG § 4B1.1. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Whether a prior offense may be used for sentencing purposes is reviewed de novo. *United States v. Wenner,* 351 F.3d 969, 971 (9th Cir.2003). "[T]he government has the burden to establish clearly and unequivocally the conviction was based on all of the elements of a qualifying predicate offense." *United States v. Navidad–Marcos,* 367 F.3d 903, 908 (9th Cir.2004). Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

I

The district court properly determined that the government failed to demonstrate clearly and unequivocally that Bowman's 1991 conviction was for a "controlled substance offense." To determine whether a conviction constitutes a predicate offense for purposes of federal sentencing, this court applies either the categorical or the modified categorical approach, as laid out in *Taylor v. United States,* 495 U.S. 575, 600–02, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). *See United States v. Rivera–Sanchez,* 247 F.3d 905 (9th Cir.2001) (en banc) (applying *Taylor* analytical model in determining whether a prior conviction qualified as an aggravated felony for federal sen-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

tencing purposes). When possible, this court applies the categorical approach, looking "only to the fact of the conviction and the statutory definition of the prior offense." *Rivera–Sanchez*, 247 F.3d at 907–08 (quoting *Taylor*, 495 U.S. at 602, 110 S.Ct. 2143).

Bowman was convicted under California Health & Safety Code § 11351.5.[1] The parties concede that this statute encompasses conduct that would not qualify as a "controlled substance offense" as defined in the Guidelines. As a result, convictions under the statute do not categorically qualify as predicate offenses, and so the district court was correct in considering the offense under a modified categorical analysis. *United States v. Hernandez–Valdovinos*, 352 F.3d 1243, 1246—47 (9th Cir.2003) ("The purpose of this modified categorical approach is to determine if the record unequivocally establishes that the defendant was convicted of the generically defined crime, even if the statute defining the crime is overly inclusive." (internal quotation marks and citation omitted)). Using the modified categorical approach, a court may examine "documentation or judicially noticeable facts that clearly establish that the conviction is a predicate conviction for enhancement purposes, such as the indictment, the judgment of conviction, jury instructions, a signed guilty plea, or the transcript from the plea proceedings." *Rivera–Sanchez*, 247 F.3d at 908 (internal quotation marks and citation omitted).

The judicially noticeable documents in the record of Bowman's 1991 conviction are a Criminal Information, Bowman's no contest plea, and a Judgment and Commitment. The Information charges Bowman with "a violation of Section 11351.5 of the Health and Safety Code of California, in that on or about the 4th day of July, 1991, in the County of Alameda, State of California, said defendant did then and there possess for sale a controlled substance, cocaine base. . . ." The government emphasizes this language, arguing that it demonstrates that Bowman was convicted for possessing cocaine base for distribution, conduct that qualifies as a controlled substance offense. However, the Information does not define the elements of the crime; it merely refers to the general conduct prohibited by the statute, which, as discussed above, is overbroad. Further, § 11351.5 is titled "Possession of Cocaine Base for Sale," but the language of the statute prohibits the purchase for sale of controlled substances, conduct which falls out of reach of the guideline definition of "controlled substance offense." Far from narrowing the statutory language to clarify the specific conduct for which Bowman was charged, the Information really just paraphrases the name of the statute.

Even if the Information did indicate that Bowman was charged of conduct falling within USSG § 4B1.2(b)'s definition of "controlled substance offense," the remaining judicially noticeable documents do not demonstrate that he was convicted of such conduct. The plea merely states that Bowman pleaded "no contest" to either § 11351 or § 11351.5. The Judgment and Commitment Order likewise explains only that Bowman was convicted under § 11351.5. Other documents offered by the government fall outside the list of judicially noticeable documents, but even if they were admissible, they would not change the result, as they do not specify the conduct underlying Bowman's conviction.

1. Although the record of conviction occasionally references § 11351 of the California Health & Safety Code, this inconsistency is immaterial. As acknowledged by the parties, these two statutes differ only in that § 11351 criminalizes possession for sale or purchase for sale of any controlled substance, while § 11351.5 criminalizes possession for sale or purchase for sale of cocaine base, as well as a slight difference in title.

The only thing that is certain from the relevant documents is that in 1991, Bowman pleaded no contest to either section 11351 or section 11351.5, statutes which the parties acknowledge are overbroad under the *Taylor* categorical approach. Contrary to the government's assertions, the conviction documents do not clearly and convincingly demonstrate that Bowman's conviction was for conduct constituting a controlled substance offense as defined in USSG § 4B1.2. The district court properly refused to consider the conviction as a predicate for career offender status.

AFFIRMED.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.