UNITED STATES of America,
Plaintiff–Appellee,

v.

Scott Lee MERLO, Defendant–
Appellant.

No. 03–50469.

D.C. No. CR–03–00250–NAJ.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 18, 2005.

Randy K. Jones, Asst. U.S. Atty., U.S. Attorney, USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Norma A. Aguilar, San Diego, CA, for Defendant–Appellant.

Before T.G. NELSON, WARDLAW, and TALLMAN, Circuit Judges.

MEMORANDUM**

Scott Lee Merlo appeals his 151–month sentence imposed after pleading guilty to bank robbery, in violation of 18 U.S.C. § 2113(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we remand.

Merlo contends that the district court improperly classified him as a career offender under United States Sentencing Guidelines §§ 4B1.1 and 4B1.2(b) based on a non-qualifying predicate conviction for violating California Health and Safety Code § 11379(a). We disagree. Because the judicially noticeable documents relied upon by the court unequivocally established that Merlo was convicted of selling methamphetamines, the district court properly determined that Merlo was a career offender under the Sentencing Guidelines. *See United States v. Hernandez–Valdovinos*, 352 F.3d 1243, 1246–47 (9th Cir.2003).

However, because appellant was sentenced under the then-mandatory Sentencing Guidelines, and we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

that the Guidelines were advisory, we remand to the sentencing court to answer that question, and to proceed pursuant to *United States v. Ameline,* 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc). *See United States v. Moreno–Hernandez,* 419 F.3d 906, 916 (9th Cir.2005) (extending *Ameline's* limited remand procedure to cases involving non-constitutional *Booker* error).

**SENTENCE REMANDED.**

**REMANDED.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.