**UNITED STATES of America Appellee,**

**v.**

**Ernest ROBERTS, Defendant–Appellant.**

**Docket No. 04–6610 CR.**

United States Court of Appeals, Second Circuit.

Argued: Feb. 27, 2006.

Decided: March 23, 2006.

Robert J. Boyle, New York, NY, for Defendant–Appellant.

E. Danya Perry, Assistant United States Attorney (Michael J. Garcia, United States Attorney, on the brief; John M. Hillebrecht, Assistant United States Attorney, of counsel), Southern District of New York, New York, NY, for Appellee.

Before: SOTOMAYOR and RAGGI, Circuit Judges, and CEDARBAUM, District Judge.*

PER CURIAM.

Defendant-appellant Ernest Roberts appeals from a judgment of conviction and sentence, entered after a jury trial in the Southern District of New York (Kaplan, J.), finding Roberts guilty of dealing in

---

* The Honorable Miriam Goldman Cedarbaum, United States District Judge for the Southern District of New York, sitting by designation.

firearms without a license and conspiring to deal in firearms without a license in violation of 18 U.S.C. §§ 922(a)(1)(A) and 371. On November 12, 2004, Roberts was sentenced principally to fifty-four months of imprisonment, three years of supervised release, and a mandatory special assessment of $200. On appeal, Roberts asserts, *inter alia,* that the district court erred in calculating his base offense level under United States Sentencing Guidelines (U.S.S.G.) § 2K2.1(a)(5). We address Roberts' other challenges to his conviction and sentence in a concurrently filed summary order.

When calculating Roberts' sentence, the district court applied § 2K2.1(a)(5), which states that a sentencing court should find a base offense level of 18 "if the offense involved a firearm described in 26 U.S.C. § 5845(a) or 18 U.S.C. § 921(a)(30)." Although § 921(a)(30) was in effect at the time of Roberts' offense and jury trial, it was repealed before Roberts' sentencing by the Public Safety and Recreational Firearms Use Protection Act, Pub.L. No. 103–322, Title XI, Subtitle A, § 110105(2), 108 Stat.1996, 2000 (1994). Nevertheless, the district judge applied a base offense level of 18 pursuant to § 2K2.1(a)(5) because one of the firearms on which the conviction was based, an Intratec 9 millimeter pistol, qualified as a "semiautomatic assault weapon" under the pre-repeal version of § 921(a)(30).

Roberts argues that because § 921(a)(30) was repealed at the time of his sentencing, U.S.S.G. § 2K2.1(a)(5) was a "nullity" insofar as it incorporated § 921(a)(30) into the Guidelines. He reasons that because courts must apply the Guidelines in effect at the time of sentencing, the district court should instead have determined his base offense level pursuant to § 2K2.1(a)(7), which provides that if none of the factors in the preceding sub-

sections apply, the base offense level should be 12. Roberts further contends that the district court erred because 18 U.S.C. § 3553(a)(4)(A)(i) instructs courts to consider the applicable category of offense "as set forth in the guidelines issued by the Sentencing Commission ..., subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments ...)." We disagree.

### DISCUSSION

We review a district court's interpretation of the United States Sentencing Guidelines *de novo* and its findings of fact for clear error. *United States v. Rubenstein,* 403 F.3d 93, 99 (2d Cir.2005). When interpreting the Guidelines, we employ basic rules of statutory construction and give all terms in the Guidelines their ordinary meanings unless there are persuasive reasons not to do so. *United States v. Mullings,* 330 F.3d 123, 124–25 (2d Cir.2003).

We conclude that the Sentencing Commission intended that courts determine for purposes of § 2K2.1(a)(5) whether the firearm used by the defendant qualified as a "semiautomatic assault weapon" under § 921(a)(30) at the time of the crime. We follow the reasoning of the Tenth Circuit in *United States v. Whitehead,* 425 F.3d 870 (10th Cir.2005), which interpreted U.S.S.G. § 2K2.1(a)(4)(B), a Guideline that referenced the same repealed statute at issue in this case. The Tenth Circuit noted that if the Commission had intended the applicability of the Guideline to turn on the status of the firearm at the time of sentencing, "the continued reference to § 921(a)(30) would be superfluous, as would [the Guideline] itself." *Id.* at 872. Put simply, we must construe § 2K2.1(a)(5) to focus on the firearm's sta-

tus at the time of the offense to avoid rendering pointless the Guideline's explicit reference to § 921(a)(30). *See Reiter v. Sonotone Corp.,* 442 U.S. 330, 339, 99 S.Ct. 2326, 60 L.Ed.2d 931 (1979) ("In construing a statute we are obliged to give effect, if possible, to every word Congress used."); *Triestman v. United States,* 124 F.3d 361, 376–77 (2d Cir.1997) (reasoning that the words "inadequate and ineffective" in the federal habeas statute "must mean *something,* or Congress would not have enacted it").

Our conclusion is supported by the history of § 2K2.1. The Sentencing Commission has twice amended § 2K2.1 since the repeal of § 921(a)(30). The first amendment went into effect on November 1, 2004, eleven days before Roberts' sentencing; the second and latest amendment became effective on November 1, 2005. Neither modification removed the Guideline's reference to the repealed § 921(a)(30). To the contrary, the 2004 Amendment specifically reinstated an Application Note which states: "For purposes of subsection (a), a 'firearm described in 18 U.S.C. § 921(a)(30)' (pertaining to semiautomatic assault weapons) does not include a weapon exempted under the provisions of 18 U.S.C. § 922(v)(3)." U.S.S.G. § 2K2.1, cmt. n.2. We are aware of no authority that prevents Congress, or the Sentencing Commission acting under Congressional authority, from incorporating by reference any definition they choose in the Sentencing Guidelines, whether or not that definition is contained in a currently operative provision of the United States Code. *See, e.g., Fedorenko v. United States,* 449 U.S. 490, 495–96 n. 3, 101 S.Ct. 737, 66 L.Ed.2d 686 (1981) (noting that the Displaced Persons Act of 1948, 62 Stat. 1009–14, at 1009 § 2(b), had incorporated by reference the definition of "refugees or displaced persons" contained in Annex I to the Constitution of the International Refugee Organ-

ization of the United Nations); *cf. Guerrero–Perez v. INS,* 242 F.3d 727, 736 (7th Cir.2001) (finding that the term "aggravated felony" in 8 U.S.C. § 1104(a)(43) was defined to include non-felonies, and noting that "Congress had the discretion to use whatever term it pleased and define the term as it deemed appropriate"). We see no sensible alternative to reading § 2K2.1(a)(5)'s reference to § 921(a)(30) to mean that despite the repeal of that statute, courts should continue to ascertain whether the firearm used by the defendant in the commission of the crime qualified as a "semiautomatic assault weapon" under that section.

Roberts correctly points out that the Sentencing Guidelines instruct courts to use the version of the Guidelines in effect on the date of the defendant's sentencing unless doing so violates the *ex post facto* clause of the Constitution. *See* U.S.S.G. § 1B1.11(a), (b)(1). Where, as here, there is no *ex post facto* concern, it is plain error to fail to apply the version of the Guidelines in effect at the time of sentencing. *United States v. Keigue,* 318 F.3d 437, 442 (2d Cir.2003). As stated above, the import of the Guidelines in effect at the time of Roberts' sentencing was that a court should apply a base offense level of 18 for an offense that involved a firearm classified as a semiautomatic assault weapon under § 921(a)(30) at the time of the crime. Thus, the district court correctly used the Guideline version in effect at the time of Roberts' sentencing.

Finally, we reject Roberts' assertion that we are required to apply the rule of lenity to construe the Guideline in his favor. The rule "requires the sentencing court to impose the lesser of two penalties where there is an actual ambiguity over which penalty should apply." *United States v. Canales,* 91 F.3d 363, 367 (2d Cir.1996). The Supreme Court has explained, however, that the rule of lenity

is not applicable unless there is a grievous ambiguity or uncertainty in the language and structure of the Act, such that even after a court has seized every thing from which aid can be derived, it is still left with an ambiguous statute. The rule of lenity comes into operation at the end of the process of construing what Congress has expressed, not at the beginning as an overriding consideration of being lenient to wrongdoers.

*Chapman v. United States,* 500 U.S. 453, 463, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991) (citations and internal quotation marks omitted). The doctrine is one of last resort. *United States v. Venturella,* 391 F.3d 120, 133 (2d Cir.2004).

The rule of lenity is not applicable here because we are confronted with no "grievous ambiguity." In fact, we find only one viable interpretation of the statute. Roberts' interpretation would render multiple subsections of the Guideline nullities, while the interpretation adopted by the district court gives full effect and meaning to each word of the Guideline, in accordance with basic rules of statutory interpretation. Accordingly, we conclude that the district court did not err in interpreting U.S.S.G. § 2K2.1(a)(5) or in applying that provision to Roberts' case.

## CONCLUSION

For the foregoing reasons and those stated in our concurrently filed summary order, we AFFIRM the judgment of conviction and REMAND for resentencing pursuant to *United States v. Fagans,* 406 F.3d 138 (2d Cir.2005).