United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 7, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40340
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BAUDEL CAMARILLO-DE LA CRUZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-779-ALL
---------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Baudel Camarillo-De La Cruz appeals his guilty-plea conviction and sentence for being found unlawfully in the United States after deportation subsequent to an aggravated felony conviction. He argues that the district court's imposition of a sentence enhanced by his prior drug conviction under U.S.S.G. § 2L1.2(b)(1)(B) was reversible plain error because the sentence imposed for his prior conviction was not a sentence of imprisonment. Because Camarillo-De La Cruz did not raise this

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argument in the district court, review is limited to plain error. See United States v. Green, 324 F.3d 375, 381 (5th Cir. 2003). Camarillo-De La Cruz has not shown that the enhancement of his sentence pursuant to § 2L1.2 was plain or obvious error. We rejected this argument in United States v. Garcia-Rodriguez, 415 F.3d 452, 454-56 (5th Cir), cert. denied, 126 S. Ct. 641 (2005), and noted that two other circuits had rejected this argument. See id. at 456 (citing United States v. Mullings, 330 F.3d 123, 124-25 (2d Cir. 2003); United States v. Hernandez-Valdovinos, 352 F.3d 1243, 1249 (9th Cir. 2003)). Therefore, Camarillo-De La Cruz has not shown that the enhancement of his sentence under § 2L1.2 based on his prior conviction was reversible plain error.

Camarillo-De La Cruz also argues that the district court did not consider and tailor his sentence to the factors in 18 U.S.C. § 3553(a) as required by United States v. Booker, 543 U.S. 220 (2005). Because he did not raise this issue in the district court, review is limited to plain error. See Green, 324 F.3d at 381. Pursuant to United States v. Alonzo, 435 F.3d 551, 553 (5th Cir. 2006), his sentence, which was within the applicable guideline range, was presumptively reasonable. There was no Sixth Amendment violation because the only enhancement of his sentence was based on his prior conviction. See United States v. Guevara, 408 F.3d 252, 261 (5th Cir. 2005), cert. denied, 126 S. Ct. 1080 (2006). A review of the sentencing transcript indicates that the district court considered the nature of the

offense, Camarillo-De La Cruz's background, the circumstances surrounding Camarillo-De La Cruz's reentry into the United States, his request for a downward departure, and the need to protect the public and incapacitate Camarillo-De La Cruz as required by § 3553(a). Camarillo-De La Cruz has not shown that the district court failed to consider the factors in § 3553(a) or that the sentence was unreasonable. See Alonzo, 435 F.3d at 553.

Camarillo-De La Cruz argues that the district court abused its discretion in imposing a supervised release condition requiring him to submit a DNA sample. Camarillo-De La Cruz's claim is not ripe for review. See United States v. Riascos-Cuenu, 428 F.3d 1100, 1101-02 (5th Cir. 2005). Because this claim is not ripe for review, we will not consider Camarillo-De La Cruz's claim that the retroactive application of the 2004 amendment to 18 U.S.C. § 3583(d) violates the Ex Post Facto Clause.

Camarillo-De La Cruz argues that 8 U.S.C. § 1326 is facially unconstitutional because it treats prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Camarillo-De La Cruz's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in

light of <u>Apprendi</u>, we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding.  <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Camarillo-De La Cruz properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.