**AMERICAN ISUZU MOTORS, INC., Plaintiff–Appellee,**

v.

**FLADEBOE VOLKSWAGEN, INC., Defendant–Appellant.**

No. 05–56943.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 8, 2007.

Filed Sept. 27, 2007.

James M. Mulcahy, Esq., Mulcahy Law Firm, Irvine, CA, for Plaintiff–Appellee.

David B. Dimitruk, Esq., Law Offices of David B. Dimitruk, Irvine, CA, for Defendant–Appellant.

Before: REINHARDT and BERZON, Circuit Judges, and SINGLETON,* District Judge.

## MEMORANDUM **

Fladeboe Volkswagen, Inc., (FVW) appeals from a judgment in favor of American Isuzu Motors, Inc., (Isuzu) for trademark infringement and related statutory based torts. We have jurisdiction. 28 U.S.C. § 1291. FVW claims that the district court erred in granting motions *in limine* precluding it from offering evidence in support of an affirmative defense. The parties are aware of the facts which need not be repeated here except to the extent necessary to explain our ruling.

Ray Fladeboe (Fladeboe) was the principal shareholder of Ray Fladeboe Lincoln Mercury (RFLM). RFLM, operating d/b/a Fladeboe Isuzu, held a dealership with Isuzu to sell Isuzu vehicles and use Isuzu's trademarks. For reasons unrelated to this appeal Fladeboe decided to dissolve RFLM and spin off its various dealerships. Fladeboe intended to transfer the Isuzu dealership to a corporation he had established, FVW. State law and the franchise agreement precluded Fladeboe from transferring the Isuzu dealership to FVW without Isuzu's consent, but provided that consent should not be unreasonably withheld. Isuzu provisionally approved FVW as a dealer and offered Fladeboe a contract which Fladeboe felt was less favorable than the existing franchise agreement. He therefore refused to agree to the contract that would have established FVW as an Isuzu dealer. As a result Isuzu refused to consent to the transfer of the dealership from RFLM to FVW. In the meantime the new principals of FVW decided not to accept the transfer of the Isuzu dealership, and Fladeboe sought Isuzu's consent to transfer it to a separate corporation he had established, Fladeboe Automotive Group (FAG). Isuzu declined. Fladeboe and his various corporations then sued Isuzu in state court alleging that Isuzu had unreasonably withheld consent to a transfer of the Isuzu dealership from RFLM to FAG. *See Fladeboe v. American Isuzu Motors, Inc.,* 150 Cal.App.4th 42, 58 Cal.Rptr.3d 225 (2007) (concluding *inter alia* that Isuzu did not unreasonably withhold consent to the transfer from RFLM to FAG).[1]

■ Fladeboe dissolved RFLM before the transfer dispute with Isuzu was resolved. FVW does not dispute that it

---

* Honorable James K. Singleton, Jr., Senior District Judge, District of Alaska, sitting by designation

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The California Supreme Court denied review of this decision on August 22, 2007.

operated an Isuzu dealership during the interval between RFLM's transfer of its Isuzu business to FVW and its decision to withdraw its request to be appointed an Isuzu dealer, which resulted in the transfer of RFLM Isuzu dealership assets to FAG. It is this period during which FVW operated as an Isuzu dealership that is covered by the judgment in this case. FVW also does not dispute the fact that Isuzu had not consented to the transfer of the dealership. It argues, rather, that Isuzu unreasonably withheld consent to the transfer in violation of state law, CAL. VEH.CODE § 11713.3, and that its dispute with Isuzu over contract terms excused its use of Isuzu trademarks and RFLM's dealer code and representing itself to the public as an Isuzu dealer. The district court held that FVW's dispute with Isuzu, even if FVW should ultimately be proved correct in its analysis of California law, would not operate as a defense to the federal claims in this case; he therefore granted the motions *in limine*.

FVW has cited no case which allows a prospective dealer seeking authorization to sell a manufacturer's vehicles but unable to agree to the terms necessary to establish a dealership to use the manufacturer's trademark while the dispute is being worked out. Fladeboe's remedy, if he felt that Isuzu was acting unreasonably, was to do what he did do—sue Isuzu in state court or seek administrative remedies. Fladeboe's dispute with Isuzu did not give FVW a defense to trademark infringement and related claims under federal law. FVW has cited no case that would permit a defense to a Lanham Act infringement suit on this basis. The closest analogy is the unclean hands doctrine FVW relied upon in the district court. To invoke that doctrine FVW would have to show that Isuzu used false or misleading representations in connection with its trademark or advertisements. See *Japan Telecom, Inc.*

*v. Japan Telecom America, Inc.*, 287 F.3d 866 (9th Cir.2002). There is no allegation of fraud or misrepresentation regarding Isuzu's use of its trademarks or advertising. The most that could be said is that FVW and Isuzu had a dispute about appropriate terms to govern transfer of the dealership. The district court did not err in concluding that any dispute between the parties regarding CAL. VEH.CODE § 11713.3 was irrelevant to this case, and consequently, that the evidence covered by the orders *in limine* was irrelevant.

For the first time at oral argument, FVW sought to show that the evidence might have been relevant to a defense based upon implied consent to use the trademarks while a transfer was being negotiated or litigated and to show that Isuzu had notice of RFLM's transfer of assets to FVW at an earlier time than Isuzu concedes. Neither of these points was argued to the district court in connection with the motions *in limine*. Consequently, they have been waived and will not be considered in this appeal. *See United States v. Hernandez–Valdovinos*, 352 F.3d 1243, 1248 n. 4 (9th Cir.2003) ("Issues that were not presented to the district court generally cannot be raised for the first time on appeal.").

We find no abuse by the district court in granting the motions *in limine* excluding the evidence and affirm.

AFFIRMED.