**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 27 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CARLOS VALENZUELA-QUINTERO,

Defendant - Appellant.

No. 10-50314

D.C. No. 3:10-cr-01024-LAB-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted December 9, 2011
Pasadena, California

Before: PREGERSON and PAEZ, Circuit Judges, and JONES,[**] District Judge.

Carlos Valenzuela-Quintero appeals the district court's sentence of 56

months in custody.  We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable James P. Jones, United States District Judge for the Western District of Virginia, sitting by designation.

"It would be procedural error for a district court to fail to calculate—or to calculate incorrectly—the Guidelines range; to treat the Guidelines as mandatory instead of advisory; to fail to consider the § 3553(a) factors; to choose a sentence based on clearly erroneous facts; or to fail adequately to explain the sentence selected, including any deviations from the Guidelines range." *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

The district court did not commit procedural error in the instant case. The district court clearly understood its responsibility to calculate the Guidelines range correctly at the beginning of the sentencing process, and it did so. *See id.* at 991. Furthermore, the district court understood that the Guidelines are advisory. *See United States v. Booker*, 543 U.S. 220 (2005). Finally, the district court considered the factors enumerated in 18 U.S.C. § 3553(a), including the Guidelines range, in sentencing Valenzuela-Quintero, and explained its choice of sentence sufficiently. *See Carty*, 520 F.3d at 991. Any misunderstanding of *Spears v. United States*, 555 U.S. 261 (2009), or of Valenzuela-Quintero's written objections to the pre-sentence report, was harmless error. *See United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 (9th Cir. 2011) (harmless error standard applies to mistakes made in sentencing).

Because Valenzuela-Quintero made no cognizable policy argument along the lines of *Kimbrough v. United States*, 552 U.S. 85 (2007) in his written objections to the pre-sentence report or at the sentencing hearing, the district court was not required to address such an argument in explaining the basis for its sentence. *See United States v. Henderson*, 649 F.3d 955, 964 (9th Cir. 2011).

The district court did not abuse its discretion in declining to follow *United States v. Amezcua-Vasquez*, 567 F.3d 1050 (9th Cir. 2009) when deciding whether to vary from the Sentencing Guidelines range. The district court's discussion of *Amezcua-Vasquez* simply distinguished that opinion from the instant case on the facts, and declined to extend its holding. The existence of proposed amendments to the relevant Sentencing Guidelines that would impose only an 8-level enhancement for a prior conviction that no longer scores for criminal history points does not affect *Amezcua-Vasquez*'s applicability as precedent. *See United States v. Hernandez-Valdovinos*, 352 F.3d 1243, 1249 (9th Cir. 2003).

**AFFIRMED.**