**UNITED STATES of America,**

v.

**Sergio CORDERO Defendant**

**No. CR. 102CR67601JEC.**

United States District Court,
N.D. Georgia,
Atlanta Division.

April 14, 2003.

Eleanor Ross, Atlanta, GA, for Plaintiff.

Jimmy Hardy, Atlanta, GA, for Defendant.

## *ORDER*

CARNES, District Judge.

### *Background*

This case is before the Court for a supplemental written ruling concerning the Court's *sua sponte* adjustment of the Sentencing Guidelines' calculation in this case. Because the Government had not objected to the particular calculation, which the Court believed to understate the appropriate Guideline score, the Court announced its intention to *sua sponte* apply a different provision of the Guidelines than was called for in the Presentence Report (hereinafter "PSR").[1] The Court noted that given the fact it was *sua sponte* applying this adjustment and given that its oral comments were an abbreviated explanation of the Court's reasoning, the Court would supplement the record with a written explanation of its rationale in order to assist

---

1. The Court gave defense counsel an opportunity for a continuance to address the Court's intended application of the Guidelines. Counsel indicated that he was familiar with the issue and was able to respond at the hearing.

the appellate court in its analysis.[2] The present Order constitutes that written explanation.

Defendant is an illegal alien who was convicted of reentering the country after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2). His guideline score, as reflected in the PSR was an Offense Level 13, Criminal History Category III, with an 18–24 month range. To arrive at this particular offense level score,[3] the probation officer assessed defendant an *eight (8) level* enhancement for his previous aggravated felony conviction, pursuant to U.S.S.G. § 2L1.2(b)(1)(C). PSR, ¶¶ 17,26, I and II. This Court concluded that defendant should, instead, have received a *twelve (12) level* enhancement for this conviction, pursuant to § 2L1.2(b)(1)(B). Applying this enhancement, instead of the 8–level enhancement, increased the offense level four levels and resulted in an Offense Level of 17, Criminal History Category III, with a sentencing range of 30–37 months imprisonment. The Court sentenced defendant to the low end of the range and imposed a 30–month sentence.

### Discussion

The Guideline applicable to the offense for which the defendant was being sentenced in this Court was § 2L1.2, which governs the offense of unlawful reentry into the United States. The base offense level is 8, pursuant to § 2L1.2(a). This base offense level can be enhanced only if the defendant has been convicted prior to his previous deportation. *See* § 2L1.2(b)(1). Further, the degree of enhancement is determined by the type of prior offense for which the defendant has been previously convicted. Specifically, a 16–level enhancement is awarded if the defendant has had a prior conviction for one of several listed offenses. § 2L1.2(b)(1)(A). One of the offenses that triggers this 16–level enhancement is a drug trafficking offense for which the *sentence imposed exceeded 13 months*. § 2L1.2(b)(1)(A)(i) (emphasis added).[4] A 12–level enhancement results if the defendant was convicted for a felony drug trafficking offense for which the *sentence imposed was 13 months or less*. § 2L1.2(b)(1)(B) (emphasis added). An 8–level enhancement occurs if the defendant was convicted of an aggravated felony. § 2L1.2(b)(1)(C). A 4–level enhancement occurs if the defendant was convicted for any other felony.[5] § 2L1.2(b)(1)(D).

The conviction at issue in this case is defendant's prior state conviction in May, 2001, for possession of cocaine with the intent to distribute.[6] Defendant entered a

---

2. Further, as the Court noted at sentencing, its ruling at this sentencing proceeding is consistent with its prior rulings in such cases. The Court also commits its reasoning to writing so that parties and the United States Probation Office can, in the future, be aware of the Court's thinking on this matter.

3. The PSR calculation included an 8–level base offense level (§ 2L1.2(a)), an 8–level enhancement for the aggravated felony (§ 2L1.2(b)(1)(C)), and a 3–level reduction for acceptance of responsibility, for a total offense level of 13. *See* PSR, ¶¶ 10,11,16,17.

4. The other predicate offenses that can trigger a 16–level enhancement under § 2L1.2(b)(1)(A) are: (ii) a crime of violence;

(iii) a firearms offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking offense; or (vii) an alien smuggling offense for profit.

5. A prior misdemeanor conviction cannot result in an enhancement unless there were three prior such convictions and unless they were either crimes of violence or drug trafficking offenses; three prior such misdemeanor convictions trigger a 4–point enhancement. *See* § 24.2(b)(1)(E).

6. Defendant has other state court convictions, as well. In 1997, he was convicted of simple battery in the City of Roswell and sentenced to a probationary term. PSR, ¶ 20. In 1999,

plea of guilty in Fulton County Superior Court and received a five-year probationary sentence. PSR, ¶ 23. Shortly thereafter, the Immigration and Naturalization Service ("INS") deported defendant from the United States as an aggravated felon.[7] *Id.* Defendant reentered the country after this deportation, and he was discovered by the INS in August, 2002, while sitting in jail awaiting probation revocation proceedings connected with either the drug trafficking conviction or another prior conviction. (*Compare* ¶ 5 with ¶ 22, *id.*)

In the case before this Court, the probation officer imposed only an 8–level enhancement for defendant's prior felony drug trafficking conviction. As noted *supra*, an 8–level enhancement is triggered for any generic aggravated felony. The probation officer did not impose a 12–level enhancement under § 2L1.2(b)(1)(B), because that provision is applicable when the sentence imposed for the drug trafficking conviction is less than 13 months. The probation officer reasoned that, because defendant had been sentenced to only a probationary sentence for this conviction, he was not subject to this enhancement.[8] Accordingly, she imposed, as a default, the 8–level enhancement applicable to a generic aggravated felony, under § 2L1.2(b)(1)(C). Defendant agrees with her calculation.

This Court disagrees and concludes that a probationary sentence for a felony drug trafficking conviction triggers the 12–level enhancement under § 2L1.2(b)(1)(B). Accordingly, the Court imposed such an enhancement in this case. The reasoning of the defense counsel is as follows. While a probationary sentence for a prior drug trafficking offense would clearly appear to trigger a 12–level enhancement under § 2L1.2(b)(1)(B), as such a sentence is for less than 13 months,[9] the existence of an application note defining the term "sentence imposed," alters that otherwise obvious conclusion. Specifically, Application Note 1(A)(iv) to this provision of the Guidelines provides as follows:

> If all or any part of a sentence of imprisonment was probated, suspended, deferred, or stayed, *"sentence imposed" refers only to the portion that was not probated, suspended, deferred, or stayed.*

(emphasis added). As noted, § 2L1.2(b)(1)(B) triggers a 12–level enhancement for "a felony drug trafficking offense *for which the sentence imposed was 13 months or less.*" (emphasis added). Because defendant received a probationary sentence for his prior drug felony conviction, defendant reasons that no sentence was imposed, that § 2L1.2(b)(1)(B) cannot apply, and that his drug trafficking convic-

---

he was convicted of possession of cocaine and DUI and sentenced to a suspended sentence; the accompanying charges of terroristic threats, burglary, and possession of a firearm during the commission of a felony were dropped by the Fulton County prosecutor. PSR, ¶ 21. Subsequently, in September, 2000, a probation violation warrant was issued, alleging that defendant had failed to report, to pay his fine, or to complete his community service. *Id.* In June, 2000, defendant was convicted of reckless driving, attempting to elude an officer, and driving with a suspended license, again in Fulton County; he received an eleven month probationary sentence. PSR, ¶ 21. In February, 2001, de-

fendant was convicted of the drug trafficking charge that is at issue here.

7. As defendant's presence in this country has always been illegal, the INS could have presumably deported him, with or without a prior conviction.

8. The transcript has not yet been prepared, so the Court is unable to cite to that document in this Order.

9. § 2L1.2(b)(1)(B) provides: for "a conviction for a felony drug trafficking offense *for which the sentence imposed was 13 months or less,* increase by 12 levels." (emphasis added).

tion is thereby morphed into a mere garden variety aggravated felony. This Court concludes that such a construction stands logic and statutory construction on its head.

In analyzing the Guideline, itself, a determination of the level of enhancement to give to a felony drug trafficking offense appears simple to make. Specifically, for purposes of the illegal reentry Guideline, there are only two types of prior felony drug convictions: drug convictions where the defendant received more than a 13–month sentence and drug sentences where the defendant received a 13–month sentence or less. As noted, for the former, a defendant receives a 16–level enhancement; for the latter, he receives a 12–level enhancement. *See* § 2L1.2(b)(1)(A) and (B). In this case, the defendant received a five-year probationary sentence in state court for his felony drug trafficking conviction. Hence, the applicable Guideline clearly calls for a 12–level enhancement, not a 16–level enhancement.

What complicates the analysis for defendant, but does not complicate it at all for this Court, is the existence of an application note for this Guideline, defining the term "sentence imposed." As quoted earlier, this application note, Note 1(A)(iv), provides that if all or any part of sentence of imprisonment was probated, suspended, or otherwise stayed, the sentence imposed includes only that portion of the sentence that was not probated or suspended. Accordingly, if a defendant received a fourteen month sentence, with twelve months of the sentence probated or suspended and two months to serve, the application note would require one to "subtract out" the twelve-month part of the sentence that was probated, such that the "the sentence imposed" would *not* be fourteen months. Instead, the "sentence imposed" would be a two-month term of imprisonment, with a twelve-month term of probation to follow. The "sentence imposed" in this hypothetical would therefore be two months. Because "two months" is less than thirteen months, the defendant would receive only a 12–level enhancement in this scenario.

Although the arithmetic is different in the present case, the result is the same. That is, the defendant here received a five-year term of probation. Defendant's "sentence imposed," however, was not five years—which would require a 16–level enhancement—because the application note indicates that one does not count any portion of a probated sentence as the sentence imposed. Rather, defendant's "sentence imposed" here was zero (0). "Zero" is clearly a number less than "13," just, as in the hypothetical above, "2" was a number that is less than "13." As defendant's sentence imposed—0 months—is less than 13 months, defendant should receive a 12–level enhancement under § 2L1.2(b)(1)(B). Nowhere does the Guideline suggest that, as a result of a probationary sentence, such a defendant should be transported from the drug trafficking enhancement provision to the less serious, garden-variety aggravated felony enhancement, under § 2L1.2(b)(1)(C).

Although the language of the Guideline seems clear to this Court, logic and common sense also support this Court's construction, as defendant's interpretation could lead to odd and unintended results. For example, under defendant's construction, a defendant who received a 2 days, time-served sentence would receive 4 more levels of enhancement (a 12–level enhancement) than a defendant who received a straight probationary sentence (only an 8–level enhancement). Yet, it is highly unlikely that the different sentences in the above two hypotheticals suggest that the sentencing courts viewed the first conviction as representing a more serious offense than did the second.

Finally, if linguistics and logic do not support the Court's conclusion, the Sen-

tencing Commission's explanation of the provision does. Specifically, the provision that gives rise to § 2L1.2(b)(1)(A) and (B), and the accompanying application note, represent an amendment to the Guidelines adopted by the Commission on November 1, 2001. In the "Reason for Amendment" section of Appendix C, the Commission indicated that the amendment provided "a more graduated sentencing enhancement...depending on the seriousness of the prior aggravated felony and the dangerousness of the defendant." United States Sentencing Guidelines, Appendix C (2001), Amendment 632. The explanation continues:

> In doing so, the Commission determined that the 16–level enhancement is warranted if the defendant previously was deported...after a conviction for certain serious offenses, specifically a drug trafficking offense for which the sentence imposed exceeded 13 months....**Other felony drug trafficking offenses will receive a 12–level enhancement.** All other aggravated felony offenses will receive an 8–level enhancement.

*Id.* (emphasis added). Thus, the Commission's explanation of the Amendment supports the Court's determination that a defendant with a prior drug trafficking offense will always receive at least a 12–level enhancement as a result of his prior conviction.

### CONCLUSION

For all the above reasons, the Court determined that a 12–level enhancement was appropriate as a result of defendant's prior drug trafficking conviction.