UNITED STATES of America,
Plaintiff—Appellee,

v.

Carlos HERNANDEZ–GALDAMEZ,
Defendant—Appellant.

No. 08–10338.

United States Court of Appeals,
Ninth Circuit.

Submitted April 15, 2009.*

Filed April 23, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Claire Lefkowitz, Esquire, Assistant U.S., USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Peter Hormel, Esquire, Law Office of Peter Hormel, Tucson, AZ, for Defendant–Appellant.

Before: D.W. NELSON and CLIFTON, Circuit Judges, and KING,** District Judge.

### MEMORANDUM ***

Appellant Carlos Hernandez–Galdamez appeals the district court's sentencing determination. Hernandez–Galdamez argues the district court erroneously assessed two criminal history points upon its finding that he committed the instant offense while under "a criminal justice sentence." He also argues that the district court abused its discretion in imposing a sentence without considering all of the evidence and the 18 U.S.C. § 3553(a) factors. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

This court reviews a sentence for reasonableness, applying the abuse of discretion standard for both guidelines and nonguidelines sentences. *United States v. Carty,* 520 F.3d 984, 993 (9th Cir.2008) (en banc). This court reviews the district court's interpretation of the Sentencing Guidelines de novo, and the district court's factual findings for clear error. *United States v. Alvarez–Hernandez,* 478 F.3d 1060, 1063 (9th Cir.2007). Because Hernandez–Galdamez objected to the district court's calculation of his sentence, he preserved the issue on appeal. *See United States v. Grissom,* 525 F.3d 691, 694 (9th Cir.2008).

■ Under U.S.S.G. § 4A1.1(d), two additional criminal history points must be added "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." A " 'criminal justice sentence' means a sentence countable under § 4A1.2 ... having a custodial or supervisory component." *Id.* § 4A1.1 cmt. n. 4. Thus, "a term of unsupervised probation would be included; but a sentence to pay a fine, by itself, would not be included." *Id.*

Hernandez–Galdamez was correctly assessed two additional criminal history points because he committed the instant offense while on probation for a prior state court conviction. Indeed, as the Presentence Report ("PSR") notes, he "remains under a term of supervision until August 10, 2015."

■ Hernandez–Galdamez also argues that the district court erred in imposing a sentence without considering all of the evidence and the 18 U.S.C. § 3553(a) factors. This argument is meritless. This court will set aside the sentence imposed by the district court only if it is "procedurally erroneous or substantively unreasonable."

---

** The Honorable Samuel P. King, United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Carty,* 520 F.3d at 993 (internal quotations omitted). The guidelines are the "starting point and the initial benchmark." *Id.* at 991. The district court then considers the factors listed in § 3553(a). *Id.* If the court "decides that an outside-Guidelines sentence is warranted, ... [it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* (quoting *Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007)). Here, the district court clearly considered all of the evidence presented and the § 3553(a) factors. At the hearing, it recounted, in detail, the aggravating and mitigating factors. Although it ultimately decided, in agreement with the PSR, "that an outside-Guidelines sentence [wa]s warranted," *id.,* it gave adequate reasons for doing so.

**AFFIRMED.**