**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

SAMUEL COHEN, AKA Mouli Cohen,
*Defendant-Appellant*.

No. 12-10240

D.C. No.
3:10-cr-00547-CRB-1

ORDER AND AMENDED OPINION

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted
May 8, 2013—San Francisco, California

Filed August 22, 2013
Amended October 7, 2013

Before: William A. Fletcher, Ronald M. Gould,
and Morgan Christen, Circuit Judges.

Order;
Opinion by Judge Christen

## SUMMARY[*]

### Criminal Law

The panel affirmed the district court's application of a sentencing enhancement under U.S.S.G. § 2B1.1(b)(9)(A) for an offense involving "a misrepresentation that the defendant was acting on behalf of a charitable organization . . ." in a case in which the defendant induced patrons of a charitable organization to purchase his shares in a for-profit company by misrepresenting that the value of the shares would soon skyrocket, enabling the patrons to make large charitable contributions.

The panel held that the applicability of the enhancement does not change because the defendant purported to act in the interest of the charitable organization but not as its agent or representative. The panel added that it is also not significant that the defendant's investors may have been motivated, in part, by a desire to profit personally. The panel explained that the defendant's conduct qualifies for the enhancement because, by presenting the investment opportunity as his means of donating to the charitable organization, the defendant misrepresented that he was acting "to obtain a benefit on behalf of" the organization.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Marcus S. Topel (argued), Daniel F. Cook, and Jacob N. Foster, Kasowitz, Benson, Torres & Friedman LLP, San Francisco, California, for Defendant-Appellant.

Merry Jean Chan (argued) and Barbara J. Valliere, Assistant United States Attorneys; Melinda Haag, United States Attorney, San Francisco, California, for Plaintiff-Appellee.

**ORDER**

The opinion filed on August 22, 2013 is amended as follows:

On page 6 of the slip opinion, replace the second sentence of the second paragraph with the following language:

> <In *Treadwell*, the Ninth Circuit affirmed the application of the charitable enhancement to the operator of a Ponzi scheme who represented to potential investors that the companies they were investing in were supporting charitable works. *Id.* at 1008–09.>

On page 7 of the slip opinion, replace the fourth sentence of the second paragraph with the following language:

> <Thus, just like the defendant in *Treadwell*, Cohen pretended to be interested in diverting some of the results of for-profit investments to charities and represented that the donors'

investment would inure to the benefit of a charity.>

An amended opinion is filed concurrently with this order.

With this amendment, Judges Fletcher, Gould, and Christen vote to deny Appellant's petition for panel rehearing and rehearing en banc, filed on September 5, 2013. The full court has been advised of the petition for rehearing and rehearing en banc and no judge requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for panel rehearing and rehearing en banc is **DENIED**. No further petitions for en banc or panel rehearing shall be permitted.

---

**OPINION**

CHRISTEN, Circuit Judge:

Samuel Cohen induced patrons of a charitable organization to purchase his shares in a for-profit company by misrepresenting that the value of the shares would soon skyrocket, enabling the patrons to make large charitable contributions. A federal jury found Cohen guilty of fifteen counts of wire fraud in violation of 18 U.S.C. § 1343, eleven counts of money laundering in violation of 18 U.S.C. § 1957, and three counts of tax evasion in violation of 26 U.S.C. § 7201. The district court applied a two-level upward enhancement to Cohen's Guidelines range under U.S. Sentencing Guidelines § 2B1.1(b)(9)(A) because his offense involved "a misrepresentation that the defendant was acting

on behalf of a charitable . . . organization." The question in this appeal is whether the district court correctly applied this enhancement.[1] We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

## BACKGROUND

Samuel Cohen posed as a wealthy philanthropist interested in donating sixty million dollars to charitable causes. He arranged a meeting with the Vanguard Public Foundation, a charitable organization, on the pretext that he was considering making a donation. But instead of donating to Vanguard, Cohen extended an offer to the Vanguard Foundation's donors to sell them some of his shares in Ecast, Inc., a company he co-founded. Cohen represented that Ecast was about to be acquired by Microsoft and that the value of Ecast shares would soon jump up to the Microsoft price of $30 per share. Cohen offered to sell his Ecast shares for $3.50 per share, ostensibly conditioning his offer on the donors' promise to give half their profits to charity.

In fact, Cohen had been terminated from his position at Ecast, he did not actually transfer any of his Ecast shares to the purchasers, he never informed Ecast that he sold any shares, and the evidence at his criminal trial showed that Ecast was not in talks with Microsoft or any other buyer. Cohen was convicted after a jury trial. The district court applied a two-level sentence enhancement for those who

---

[1] In this opinion, we address only the imposition of the charitable enhancement under U.S. Sentencing Guidelines § 2B1.1(b)(9)(A). We resolve the remaining claims in a memorandum disposition filed concurrently.

misrepresent that they are acting on behalf of a charitable organization, and this appeal followed.

## STANDARD OF REVIEW

We review de novo the district court's interpretation of the Sentencing Guidelines. *United States v. Treadwell*, 593 F.3d 990, 999 (9th Cir. 2010). We review the district court's application of the Guidelines to the facts for abuse of discretion, and we review the district court's factual findings for clear error. *Id.*

## DISCUSSION

The U.S. Sentencing Guidelines provide a two-level enhancement "[i]f the offense involved . . . a misrepresentation that the defendant was acting on behalf of a charitable . . . organization." U.S.S.G. § 2B1.1(b)(9). The Guidelines commentary states that the enhancement applies "in any case in which the defendant represented that [he] was acting to obtain a benefit on behalf of a charitable . . . organization, . . . when, in fact, [he] intended to divert all or part of that benefit . . . ." *Id.* cmt. n.7(B).[2] The examples given in the commentary involve directly soliciting donations on behalf of a charitable organization. *Id.* But the commentary also explains that the enhancement is aimed at defendants who take advantage of "the generosity and charitable motives of victims." *Id.* cmt. background. And the

---

[2] "Guidelines commentary is authoritative in interpreting the text of a guideline 'unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.'" *Treadwell*, 593 F.3d at 1006 (quoting *United States v. Alvarez-Hernandez*, 478 F.3d 1060, 1063–64 (9th Cir. 2007)).

commentary explains that "[t]aking advantage of a victim's self-interest does not mitigate the seriousness of fraudulent conduct; rather, defendants who exploit victims' charitable impulses . . . create particular social harm." *Id.*; *see also United States v. Ferrera*, 107 F.3d 537, 541 (7th Cir. 1997) (focus of inquiry must be on defendant's motivation for making prohibited misrepresentation rather than concern that victims may have been motivated, in part, by self-interest).

*United States v. Treadwell* is the leading Ninth Circuit authority on the application of the charitable enhancement. *See* 593 F.3d 990. In *Treadwell*, the Ninth Circuit affirmed the application of the charitable enhancement to the operator of a Ponzi scheme who represented to potential investors that the companies they were investing in were supporting charitable works. *Id.* at 1008–09. The charitable enhancement applied in *Treadwell*, even though the investment scheme involved companies that held themselves out to be for-profit companies, *id.* at 1008, like Ecast. *Treadwell* established that this enhancement can apply where defendants do not purport to directly represent a charitable organization. *Id.*; *see also* Bryan A. Garner, *Garner's Modern American Usage* 91–92 (2d ed. 2003) (noting that "on behalf of" is commonly used to signify *either* "in the interest or for the benefit of" or "as the agent or representative of"). The result in *Treadwell* was not changed by the fact that victims might be motivated, or motivated in part, by self-interest. *Treadwell*, 593 F.3d at 1008.

Under the reasoning of *Treadwell*, Cohen's offense fits easily within the ambit of the charitable enhancement even though his scheme involved the sham sale of shares in a for-profit company: by approaching Vanguard Foundation donors, Cohen specifically extended his offer to individuals

he knew to be inclined toward charitable giving, and he enticed them with promises that investing in the purchase of his Ecast shares would enable them to make even larger charitable gifts.    The applicability of this sentencing enhancement does not change because Cohen purported to act in the interest of the Vanguard Foundation but not as its agent or representative.  Nor is it significant that Cohen's investors may have been motivated, in part, by a desire to profit personally.

Cohen argues that *Treadwell* is distinguishable because the *Treadwell* investors could have gained the impression that "charitable organizations were involved,"  *see id.*, while here the investors knew that Cohen and Ecast were not themselves representatives of a charity.  But this distinction does not undercut the rationale for application of the sentencing enhancement.  The first tier "investors" in Cohen's scheme to sell his Ecast stock believed that he extended a special, lucrative offer to them because they were affiliated with the Vanguard Foundation and because they were expected to donate a portion of their returns to that charity.  Thus, just like the defendant in *Treadwell*, Cohen pretended to be interested in diverting some of the results of for-profit investments to charities and represented that the donors' investment would inure to the benefit of a charity.  Cohen's conduct qualifies for the enhancement because, by presenting the investment opportunity as his means of donating to the Vanguard Foundation, Cohen misrepresented that he was acting "to obtain a benefit on behalf of" the Vanguard Foundation.  U.S.S.G. § 2B1.1 cmt. n.7(B).

The district court did not abuse its discretion in applying sentencing enhancement U.S. Sentencing Guidelines § 2B1.1(b)(9)(A) to its calculation of Cohen's sentence.

**AFFIRMED**.