UNITED STATES of America, Plaintiff—Appellee,

v.

Clifford SKANNAL, a/k/a Seal A, Defendant—Appellant.

No. 04–50210.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 2005.

Filed Jan. 11, 2006.

Carole C. Peterson, Esq., USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Errol H. Stambler, Esq., Attorney at Law, Los Angeles, CA, for Defendant–Appellant.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

### MEMORANDUM *

Clifford William Skannal appeals his sentence of 120 months in prison for conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846. Skannal argues that the district court improperly applied United States Sentencing Guidelines ("U.S.S.G.") § 4A1.1 when it added two criminal history points for a prior juvenile sentence to Camp Community Placement, making him ineligible for the safety valve provision of U.S.S.G. § 5C1.2. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and we affirm.

We review de novo a district court's interpretation of the Sentencing Guidelines. *United States v. Ramirez,* 347 F.3d 792, 797 (9th Cir.2003). Section 4A1.1(b) instructs a court to "[a]dd 2 points for each prior sentence of imprisonment of at least sixty days not [already] counted." U.S.S.G. 4A1.1(b). Skannal argues that his juvenile sentence did not result in a sentence of at least sixty days because he was sentenced to an indeterminate term of up to four years.[1]

The Sentencing Guidelines are clear that the stated maximum of an indeterminate sentence controls for purposes of § 4A1.1. *See* U.S.S.G. § 4A1.2, cmt. n. 2. ("For the purposes of applying § 4A1.1(a), (b), or (c), the length of a sentence of imprisonment is the stated maximum (e.g., ... in the case of an indeterminate sentence for a term not to exceed five years, the stated maximum is five years ...).") Additionally, "criminal history points are based on the sentence pronounced, not the length of time actually served." *Id.; see United States v. Mendoza–Morales,* 347 F.3d 772, 775 (9th Cir.2003).

The minute order of the juvenile court states that Skannal was sentenced to "confinement for a period [not] to exceed 4

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. Skannal argued in the district court that his juvenile sentence was neither a "sentence of imprisonment" nor a sentence of "at least sixty days," but he raises only the latter argument in his briefs to this court. Although the Government briefly addressed the former argument in its Answering Brief, Skannal has waived the issue and we do not address it.

yrs." Skannal was therefore sentenced to an indeterminate term with a stated maximum of four years, and the district court properly applied § 4A1.1 and added two criminal history points to Skannal's criminal history score.

■ Skannal was sentenced to a mandatory minimum sentence. Although Skannal was sentenced under the mandatory Sentencing Guidelines, "because the outcome of [his] resentencing could not possibly be different" under advisory Guidelines, *United States v. Dare*, 425 F.3d 634, 643 (9th Cir.2005), we do not remand for resentencing pursuant to *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

**AFFIRMED.**