┌─────────────────────────────────────┐
**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1
└─────────────────────────────────────┘

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 12, 2009[*]
Decided November 13, 2009

**Before**

JOHN L. COFFEY, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-3270

| | |
|---|---|
| EARL L. DIEHL, | Appeal from the United States District |
| *Petitioner-Appellant*, | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 08-cv-133 |
| | |
| MICKEY McCASH, | Barbara B. Crabb, |
| *Respondent-Appellee*. | *Chief Judge*. |

**O R D E R**

Wisconsin prisoner Earl Diehl appeals the denial of his petition for a writ of habeas corpus. We affirm the judgment.

In 1997 Diehl was convicted of burglary in Wisconsin state court and sentenced to eight years' imprisonment. The trial court, however, stayed his prison sentence and imposed nine years' probation. In 2005 Diehl was taken into custody by the Wisconsin Department of Corrections ("DOC") for violating the terms of his probation by committing

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. FED. R. APP. P. 34(a)(2).

theft. The DOC released Diehl so he could be sentenced on the theft conviction and later renewed its order of detention. Diehl's revocation hearing was rescheduled three times so that he could retain defense counsel. After his June 2005 revocation hearing, an administrative law judge ordered his probation revoked.

Diehl petitioned for a writ of habeas corpus under 28 U.S.C. § 2254, claiming that the DOC's second order of detention violated the constitutional bar against double jeopardy and that the DOC's failure to follow its internal rules during the revocation process violated due process. The district court adopted the report and recommendation of the magistrate judge and denied Diehl's petition for habeas corpus relief. The court concluded that the DOC's second detention order did not constitute a second punishment for the purposes of double jeopardy. The court also held that Diehl received due process after he was initially detained by the DOC and that the second detention order did not entitle him to a new set of due process protections.

On appeal Diehl renews his argument that the DOC violated his right to be free from double jeopardy because it issued two orders of detention based on the same probation violation. But Diehl's DOC detentions do not constitute a violation of double jeopardy. The Double Jeopardy Clause protects against multiple punishments for the same offense. U.S. CONST. amend. V; *Garrity v. Fiedler*, 41 F.3d 1150, 1151-52 (7th Cir. 1994). But probation is part of Diehl's original sentence, and a revocation of probation only modifies the terms of his original sentence. *See United States v. Wyatt,* 102 F.3d 241, 245 (7th Cir. 1996); *United States v. Hanahan*, 798 F.2d 187, 189 (7th Cir. 1986). Moreover, detention pending revocation of probation does not constitute punishment for double jeopardy purposes. *See United States v. Mendoza-Morales*, 347 F.3d 772, 776 (9th Cir. 2003); *United States v. Warneke*, 199 F.3d 906, 908 (7th Cir. 1999).

Diehl also repeats his argument that the DOC's failure to follow its internal rules during the revocation proceedings violated his right to due process. Specifically, he contends that he did not have the opportunity to make a statement to DOC upon being detained; that he did not receive a preliminary revocation hearing; that the DOC failed to provide signed authorization of his probation revocation; that his revocation hearing was unreasonably delayed; and that the state revoked his probation on invalid grounds.

These contentions are meritless. Diehl's revocation proceedings satisfied the due-process requirements set forth in *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973). After his detention by the DOC, Diehl was given an opportunity to explain his probation violation. In addition, no preliminary hearing was warranted because Diehl's theft conviction established probable cause that he violated the terms of his probation. *See Moody v. Daggett*, 429 U.S. 78, 86 n.7 (1976); *Schepp v. Fremont County*, 900 F.2d 1448, 1456 (10th Cir. 1990). Nor

does due process require the DOC to provide signed authorization of his probation revocation. *See Gagnon*, 411 U.S. at 786. Although Diehl's hearing was delayed two months, that delay resulted from his own request for assistance from counsel. *See id.* at 790-91 ("the responsible agency also should consider, especially in doubtful cases, whether the probationer appears to be capable of speaking effectively for himself"); *United States v. Eskridge*, 445 F.3d 930, 932 (7th Cir. 2006). Finally, Diehl's conviction for theft was a valid ground for revocation of his probation. *See United States v. Huusko*, 275 F.3d 600, 602 (7th Cir. 2001).

Diehl also filed in this court a motion for summary judgment, urging that the district court's order be reversed because McCash has failed to respond to his arguments. However, a motion for summary judgment is not a proper request in this court. Although we have considered Diehl's underlying arguments, we deny the motion.

Accordingly, we AFFIRM the decision of the district court.